## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERTO RINCON,

        *Petitioner,*

vs.

                                              Case No. 20-cv-03165-EFM

DAN SCHNURR,

        *Respondent.*

## MEMORANDUM AND ORDER

Before the Court is Petitioner Roberto Rincon's Petition for Writ of Habeas Corpus (Doc. 1) seeking post-conviction relief.  Rincon was convicted in Kansas state court of several drug related charges and sentenced to a term of 156 months' imprisonment.  Rincon, proceeding pro se, now claims his conviction violated the United States Constitution.  He alleges the warrant that led to the discovery of incriminating evidence was unlawful, as it was based on a violation of federal law and no federal law enforcement officers were present at its execution.  Rincon also alleges that he was denied the effective assistance of counsel.  Because Rincon failed to exhaust his first claim in state court and waived his second claim by failing to raise it in his opening brief, the Court denies Rincon's petition.

## I.       Factual and Procedural Background

Roberto Rincon became the subject of a Reno County law enforcement investigation after the Reno County District Court issued a protection from abuse order against him.  This order required Rincon to turn over all firearms to the custody of the Reno County sheriff.  Rincon, however, failed to do so.

As result of this failure, Reno County Sheriff's Detective Shawn McHaley applied for a search warrant for Rincon's residence and three of Rincon's vehicles.  Detective McHaley sought the warrant to recover firearms he believed Rincon possessed in violation of 18 U.S.C. § 922(g)(8). The Reno County District Court issued the search warrant that day, and county law enforcement officers executed it against one of Rincon's cars and his residence that evening.  The search yielded several loaded firearms, hundreds of rounds of ammunition, and an apparently active laboratory complete with various accoutrements used in the manufacture of methamphetamine.

Rincon was charged with several drug related crimes under Kansas law.  Before his trial, Rincon twice sought to suppress evidence found as a result of the search of his residence and vehicle. The first motion to suppress alleged that the supporting affidavit for the warrant relied on stale information and failed to establish probable cause.  The second motion argued that the affidavit contained material misstatements that, if removed, left the affidavit without sufficient facts to support probable cause.  The district court denied both motions.  After a bench trial, Rincon was convicted of the crimes charged and was later sentenced to 156 months in prison. Rincon appealed his conviction to the Kansas Court of Appeals, arguing that the district court erred in

denying his motions to suppress. The Court of Appeals affirmed Rincon's conviction.[1]  Rincon

sought review from the Kansas Supreme Court, but his petition was denied.[2]

Rincon, then proceeding pro se, brought a petition in Reno County District Court under the

state habeas statute, K.S.A. 60-1507, arguing the ineffective assistance of his counsel entitled him

to post-conviction relief.  He believed his trial attorneys were unconstitutionally ineffective

because they failed to seek suppression of the search warrant under *United States v. Townsend*.[3]

The district court denied Rincon's petition.  Rincon appealed to the Kansas Court of Appeals,

which affirmed the district court.[4]  Rincon sought review from the Kansas Supreme Court but was

once again denied.  Rincon now seeks relief from this Court under the federal habeas statute, 28

U.S.C. § 2254.

## II.     Legal Standard

### A.     Exhaustion

Prior to ruling on the merits of Rincon's claims, this Court must determine if he properly

exhausted his claims at the state level.[5]  "The exhaustion requirement is satisfied if the federal

issue has been properly presented to the highest state court, either by direct review of the

conviction or in a post-conviction attack."[6]  The federal claim must have been "fairly presented"

to the state courts, allowing those courts the "initial opportunity to pass upon and correct alleged

---

[1] *State v. Rincon*, 2015 WL 9455560 (Kan. Ct. App. 2015), *rev. denied*, (2016).

[2] *Id.*

[3] 394 F. Supp. 736 (E.D. Mich. 1975).  Rincon argued this case stood for the proposition that a warrant issued for a violation of federal law but executed without federal law enforcement officers must be suppressed.

[4] *Rincon v. State*, 2019 WL 1412590, *7 (Kan. Ct. App. 2019), *rev. denied* (Dec. 13, 2019).

[5] 28 U.S.C. § 2254(b)(1)(A).

[6] *Dever v. Kan. St. Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted); *see also* 28 U.S.C. § 2254.

violations of its prisoners' federal rights."[7]  Thus, a petitioner may not "rais[e] one claim in the state courts and another in the federal courts," but must rather have presented the state courts with the *same claim* he now brings to federal court.[8]

## B.    Review of Petition for Writ of Habeas Corpus on the Merits

After determining that the petitioner exhausted his claim in the state courts, a court will review the merits of the petition.  This review is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[9]  Pursuant to 28 U.S.C. § 2254, a court may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[10]

The United States Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[11]  A state court decision may be an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court]'s decisions but unreasonably applies that principle to the facts of the prisoner's case."[12]

---

[7] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations and citation omitted).

[8] *Id.* at 275–76.

[9] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citation omitted).

[10] 28 U.S.C. § 2254(d)(1), (2).

[11] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

[12] *Id.* at 413.

The Court presumes that the state court factual findings are correct absent clear and convincing evidence to the contrary.[13]

As a pro se litigant, Rincon is entitled to a liberal construction of his petition.[14]  Pro se filings are held to "less stringent standards than formal pleadings drafted by lawyers."[15]  It is not the proper role of a district court, however, to "assume the role of advocate for the pro se litigant."[16]  Further, "[p]ro se litigants are subject to the same rules of procedure that govern other litigants."[17]

### III.    Analysis

As noted above, Rincon advances two arguments to support his Petition for Writ of Habeas Corpus.  First, Rincon argues the search warrant that allowed officers to discover incriminating evidence in his residence and vehicle should have been suppressed because it alleged only a violation of federal law—specifically, 18 U.S.C. § 922(g)(8)—and no federal officers assisted in the execution of the warrant.  Second, he argues his trial counsel was unconstitutionally ineffective in failing to make the above argument.

As to the second, the Court refuses to consider this argument because Rincon raised it for the first time in his reply brief.  Courts in this circuit will typically refuse to consider new arguments offered for the first time in a reply brief.[18]  This is true irrespective of Rincon's pro se

---

[13] 28 U.S.C. § 2254(e)(1); *see also Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

[14] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[15] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

[18] *Armstrong v. Genesh, Inc.*, 2011 WL 6151416, *1 (D. Kan. 2011); *Liebau v. Columbia Cas. Co.*, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001) ("Courts in this district generally refuse to consider issues raised for the first time a reply brief."); *Starkey ex rel. A.B. v. Boulder County Soc. Services*, 569 F.3d 1244, 1259 (10th Cir. 2009).

status, as pro se litigants are governed by the same rules of procedure as are other litigants.[19]
Therefore, the Court only addresses Rincon's first argument: that the initial warrant in his case
should have been suppressed.

Nor will the Court reach the merits of this argument because Rincon failed to exhaust it
before the state courts.  28 U.S.C. § 2254 requires a habeas petitioner to exhaust the remedies
available in state court before bringing his or her petition in federal court.[20]  This requirement
serves to maintain comity between state and federal courts "equally bound to guard and protect
the rights secured by the Constitution" by ensuring that a state accused of a Constitutional violation
has the first opportunity to review and correct that violation through its judicial process.[21]  For a
state court to have this opportunity, a habeas petitioner must have first brought in state court the
"same claim he urges upon the federal court."[22]

Rincon never brought the instant claim as a freestanding claim in Kansas state court.
Rincon brought two other suppression claims before his trial, both of which were rejected, but he
never argued that the evidence found during the execution of the warrant needed to be suppressed
because of lack of federal involvement, as he does now.

Rincon did make the argument in his state habeas proceedings that his counsel was
ineffective because she failed to raise this lack of federal involvement argument.  But this argument
was merely a feature of another claim for relief rather than an independent claim.  Rincon's
argument in the state habeas proceedings was ineffective assistance of counsel in violation of the

---

[19] *DiCesare*, 12 F.3d at 979 (citing *Green*, 969 F.2d at 917).

[20] 28 U.S.C. § 2254(b)(1)(A).

[21] *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)).

[22] *Picard*, 404 U.S. at 276.

Sixth Amendment, not a violation of the Warrant Clause of the Fourth Amendment. As such, this cannot satisfy the requirement that a federal habeas petitioner must first present to the state court the *same claim* he now brings to federal court. Rincon's suppression claim is, therefore, unexhausted.

Normally, a federal court will not consider the merits of an unexhausted claim.[23] This procedural default bars review.[24] However, it is not a complete bar. A court may excuse default and consider the merits of a petitioner's claim if the petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law,"[25] or that review "is necessary to correct 'a fundamental miscarriage of justice.' "[26] Rincon can do neither.

Rincon fails to show cause for the procedural default. Cause in this setting requires petitioner to show that something external, or not fairly attributable to him, prevented him from presenting the defaulted claim.[27] This can include the situation where petitioner's trial counsel was ineffective.[28] However, attorney ineffectiveness is external to petitioner, and therefore

---

[23] *Id.* at 275.

[24] Procedural default is a term often used when a petitioner presented his claim in state court but those courts denied review of petitioner's claim on adequate and independent state procedural grounds, *see Eaton v. Pacheco*, 931 F.3d 1009, 1023 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 2771 (2020), but it also applies when a petitioner failed to make a federal claim in state court and has now waived it under state procedural rules. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

[25] *Eaton*, 931 F.3d at 1023 (quoting *Smith v. Albaugh*, 921 F.3d 1261, 1267 (10th Cir. 2019)).

[26] *Coleman*, 501 U.S. at 748 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)).

[27] *Id.* at 753.

[28] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

provides sufficient cause for the default, *only* in those cases that counsel was unconstitutionally ineffective under the *Strickland v. Washington*[29] standard.[30]

The Kansas Court of Appeals concluded the *Strickland* standard was not met in Rincon's case.[31]  The AEDPA requires this Court to afford great deference to state court decisions on the merits,[32] especially in the case of a more general rule like the *Strickland* standard, under which state courts have more leeway to make case-by-case determinations.[33]  This is true unless that state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[34]  Rincon has offered no persuasive explanation as to how either of these defects plagued the Court of Appeals decision.

Rincon attacks the state court decision by focusing on his lawyer's conduct—the time she spent on the case, the arguments she made in his defense, and her preparedness for hearings.  In essence, Rincon focuses on the first prong of *Strickland*: he alleges his counsel's conduct fell below an objective standard of reasonableness.[35]  What Rincon fails to address is the second prong of *Strickland*, which is also required for a successful claim.[36]  Petitioner must show that counsel's

---

[29] 466 U.S. 668 (1984).

[30] *Murray*, 477 U.S. at 488 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." (internal citation omitted)).

[31] *Rincon*, 2019 WL 1412590, at *8.

[32] *Lockett v. Trammell*, 711 F.3d 1218, 1230 (10th Cir. 2013) (citing *Hooks v. Workman*, 689 F.3d 1148, 1162–63 (10th Cir. 2012)).

[33] *Id.*

[34] 28 U.S.C. § 2254(d).

[35] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[36] *Id.* at 696.

ineffectiveness resulted in prejudice—that is, it is reasonably likely the decision reached would have been different absent the errors.[37]  It is on this prong that the Court of Appeals rested its decision,[38] and Rincon fails to point out any feature of this decision that makes it an unreasonable application of Federal law.  The Court therefore concludes that the Court of Appeals was correct in determining the *Strickland* standard was not met.  As such, Rincon cannot show cause as to why his procedural default should be excused.

Nor can Rincon show that review of the merits of his suppression claim is necessary to correct a fundamental miscarriage of justice.  This avenue of review is reserved for the situation where "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[39]  This is not one such "extraordinary case."[40]  As Respondent points out, Rincon's claim is focused on the procedure of executing a warrant and in no way negates the incriminating fact that he was found in possession of a methamphetamine laboratory.  His guilt as to the crime charged is not reasonably in question.

Rincon's suppression claim is unexhausted and defaulted, and neither exception to the procedural default rule is satisfied.  Therefore, this Court will not consider the merits of Rincon's suppression argument.

---

[37] *Id.*

[38] *Rincon*, 2019 WL 1412590, at *7.

[39] *Murray*, 477 U.S. at 496.

[40] *Id.*

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS SO ORDERED.**

This case is now closed.

Dated this 17th day of September, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE