# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERTO RINCON,

    *Plaintiff,*

vs.

    Case No. 20-03165-EFM

DAN SCHNURR,

    *Defendant.*

## MEMORANDUM AND ORDER

This case is before the Court on a limited remand from the Tenth Circuit, requiring this Court to consider whether a certificate of appealability ("COA") should issue permitting Rincon to appeal the Court's adverse ruling.

The rules governing Section 2254 proceedings require the Court to grant or deny a COA when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[1] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims

---

[1] 28 U.S.C. § 2253(c)(1). The denial of a § 2254 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *Id.*

debatable or wrong."[2]  When the adverse finding is based on procedural grounds, the petitioner 'must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' "[3]  While Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA, he "must prove something more than the absence of frivolity or the existence of mere good faith."[4]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[5]

For the reasons explained in the Court's order, Rincon has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

This case is now closed.

Dated this 4th day of October, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT COURT

---

[2] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n. 3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[3] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[4] *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotations omitted).

[5] *Id.* at 336.